

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# Creely v. Crestview Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3174

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Creely v. Crestview Ctr" (2007). *2007 Decisions.* Paper 785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-3174

———


ROBERT CREELY,
                    Appellant
          v.

CRESTVIEW CENTER


———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-02080)
District Judge: Honorable R. Barclay Surrick


———


Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before: SLOVITER, HARDIMAN, and ROTH, Circuit Judges

(Filed: July 11, 2007)


———


OPINION

———

SLOVITER, Circuit Judge.

Ari R. Karpf and Timothy M. Kolman (hereafter "counsel"), who represent plaintiff in the underlying action, appeal the order of the District Court imposing sanctions on them for their failure to dismiss the second complaint after the court had granted summary judgment as to an identical complaint against defendant's parent corporation.

## I.

Plaintiff Robert Creely, a Caucasian, submitted an employment application to a facility of defendant Crestview Center and alleges that his interviewer, an African-American, discriminated against him. Creely filed a complaint on February 18, 2004 against Genesis Health Ventures, Inc. ("Genesis"), claiming that the failure to hire him constituted reverse race discrimination in violation of 42 U.S.C. § 1981 ("Creely I").

On March 1, 2005, Genesis filed a motion for summary judgment, asserting, inter alia, that Genesis was merely the parent company of Crestview, the institution that actually made the employment decision, and that it was not liable for the employment decisions of its wholly owned subsidiary. On May 3, 2005, Creely, through the same lawyers, filed an identical complaint against defendant Crestview Center ("Creely II"), which the District Court noted was done "[p]resumably . . . to insure that he had sued the appropriate party." App. at 4. The District Court granted summary judgment in Creely I in favor of Genesis on May 26, 2005, concluding that Creely's circumstantial evidence did not undermine the credibility of Genesis' stated legitimate, non-

2

discriminatory reason for choosing not to hire him. Notwithstanding that <u>Creely II</u> was based on precisely the same claim as the now dismissed <u>Creely I</u>, counsel did not voluntarily dismiss <u>Creely II</u>.

On June 20, 2005, Crestview filed a motion to dismiss, arguing that plaintiff's complaint in <u>Creely II</u> should be dismissed on grounds of res judicata. Creely opposed this motion, although he conceded that the complaint should be dismissed because he intended to rely solely on the evidence that he had previously cited against Genesis in <u>Creely I</u>. He argued, however, that there was no basis to dismiss on res judicata grounds. On September 7, 2005, the District Court, rejecting Creely's argument that there was no privity between Genesis, the parent, and Crestview, the subsidiary, granted the motion to dismiss, concluding that Creely's complaint in <u>Creely II</u> was barred by res judicata.

Crestview thereafter filed a motion seeking $10,000 for attorneys' fees pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927. Plaintiff responded by filing a brief identical to that which he filed in <u>Creely I</u>, wherein defendant also sought attorneys' fees as the prevailing party. Although Crestview had argued that it "should be awarded fees from plaintiff's counsel because they unreasonably and vexatiously multiplied the proceedings and forced Crestview to litigate a case that had clearly already been decided and was ripe for absolute dismissal on *res judicata* grounds," App. at 90, Creely's memorandum of law in opposition, prepared by counsel, never addressed the § 1927 issue. The District Court concluded that although the original complaint may have been filed in good faith, sanctions under 28 U.S.C. § 1927 were appropriate for costs and fees that Crestview

3

incurred in filing its motion to dismiss and in replying to plaintiff's frivolous response to that motion. The Court ordered that Creely's counsel pay $1,500 to compensate the attorneys' fees that Crestview incurred in this case.

## II.

We review the District Court's order imposing sanctions for an abuse of discretion.[1] Martin v. Brown, 63 F.3d 1252, 1262 (3d Cir. 1995). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." SEC v. Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000) (internal quotation marks omitted). Therefore, "we will only reverse the District Court if the sanctions resulted from an unsupported finding of fact, an errant conclusion of law, or an improper application of law to fact." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 180 (3d Cir. 2002).

The relevant provision states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The District Court noted that plaintiff's counsel:

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

has failed to make any effort to respond to the instant Motion for attorneys' fees, instead filing the same brief opposing counsel fees that they had filed in Creely I, despite the fact that the instant Motion is remarkably different from that filed in Creely I and seeks approximately $10,000, as opposed to the $150,000 sought in Creely I. Considering the fact that the instant Motion argues for sanctions specifically against Plaintiff's attorneys under § 1927, the failure of Plaintiff's counsel to respond is particularly troubling.

App. at 8.

Creely's counsel chose to recycle their brief filed in Creely I and failed to address Crestview's motion for costs pursuant to § 1927, notwithstanding the fact that the legal grounds asserted for costs in Creely II differed substantially from those presented in Creely I. Under our precedents, counsel has waived any argument opposing imposition of sanctions under § 1927 and we do not need to address the merits of those claims on appeal. See Gass v. V.I. Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002) (explaining that in the absence of exceptional circumstances, issues not raised before the district court are waived on appeal). We depart from this rule only "when manifest injustice would result from a failure to consider novel issues[.]" Pritzker v. Merrill-Lynch, Pierce, Fenner, & Smith, 7 F.3d 1110, 1115 (3d Cir. 1993). Counsel has not contended, and we are not persuaded, that this case is "one which merits inclusion in that extraordinary category." Id.

Assuming arguendo that Creely had addressed the § 1927 claim in his brief in opposition to the motion for attorneys' fees in Creely II, we are nonetheless unpersuaded that the District Court abused its discretion in awarding sanctions for the costs and fees that Crestview incurred in filing its motion to dismiss and in replying to Creely's

5

"frivolous" response to that motion. App. at 9. The District Court explained that in opposing Crestview's motion to dismiss <u>Creely II</u>, Creely's "counsel offered no case law in support of [his] argument for [dismissal on the grounds of] summary judgment" in lieu of res judicata. App. at 8. Counsel argue that they did not dismiss the second complaint because they wanted to preserve their avenue to appeal the District Court's adverse summary judgment order. There were, however, various procedural mechanisms by which Creely could have accomplished that goal short of mounting a complaint that had been ruled insufficient.[2] In light of Creely's failure to avail himself of these opportunities, we are confident that the District Court did not commit "a clear error of judgment" in applying the law to the facts of this case. Accordingly, we will affirm the judgment of the District Court.

_____

[2] For example, Rule 15(c)(3) of the Federal Rules of Civil Procedure expressly contemplates an amendment of pleadings for "chang[ing] the party . . . against whom a claim is asserted[.]"

6